# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| QUINCY L. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-0256-CV-W-FJG |
| ) | |
| ) | |
| WEINBERG DODGE, INC. and ) | |
| STEPHEN J. WEINBERG, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Petition Dismissing Truth in Lending Count and Motion for Remand, with Suggestions in Support (Doc. No. 6, with additional suggestions in support filed on June 1, 2009 as Doc. No. 21).

This action was removed this case to federal court on the basis of federal question jurisdiction, as plaintiff pled a claim under the federal Truth In Lending Act, 15 U.S.C. § 1501 et seq. (TILA) on the face of his petition. See Doc. No. 1, filed on April 2, 2009. On April 22, 2009, plaintiff filed the pending motion for leave to file first amended petition and motion to remand (Doc. No. 6). Plaintiff seeks to file a First Amended Petition dismissing Count II (the TILA claim) with prejudice.[1] Plaintiff also seeks to dismiss with prejudice any reference in her petition to the Magnuson Moss Warranty Act. See Doc. No. 21. Plaintiff

---

[1] Plaintiff indicates that he "agrees to be bound by the Dismissal With Prejudice and will not bring a claim for Violation of the Truth and [sic] Lending Act in the future." Doc. No. 6, p. 2.

indicates that if this Court grants plaintiff leave to dismiss these claims, there will be no basis for federal jurisdiction, and the case could be remanded to state court. Plaintiff indicates that "[t]he purpose of the Motion is to remand this matter to the State Court and not to harass or annoy the Court or the parties." Doc. No. 6, p. 2; Doc. No. 21, p. 2.

Defendants oppose plaintiff's motion. Defendants correctly note that jurisdiction is determined at the time of removal, and that the party opposing removal "cannot defeat jurisdiction by deleting this aspect" from the complaint. Comstock v. Morgan, 165 F.Supp. 798, 801 (W.D. Mo. 1958). Defendants argue that plaintiff's request to dismiss his TILA claim is a transparent attempt to oust this Court of jurisdiction. Defendants further note that even if the Court allows plaintiff to dismiss his TILA claim, this Court would be within its jurisdiction in refusing to remand the case back to state court.[2] Finally, in the alternative, in the event this Court in its discretion elects to remand, defendants request an award of their filing fees or costs (or both) associated with the removal.

Although jurisdiction is determined at the time of removal, that does not mean that plaintiff cannot be allowed to amend his complaint. According to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend pleadings]

---

[2]In support of this proposition, defendants cite Kates v. Chad Franklin Nat. Auto Sales North, LLC, 2008 WL 3065009 (W.D. Mo. July 30, 2008), a case heard recently by this Court. While Kates involved a TILA claim that this Court did not allow plaintiff to voluntarily dismiss, Kates is otherwise distinguishable from the present matter. In particular, the plaintiff in Kates sought to represent a class, and dismissal of the TILA claims could have prejudiced other members of the purported class. In the present matter, plaintiff is an individual. Further, the plaintiff in Kates sought to dismiss his TILA allegations without prejudice, while in the present matter plaintiff seeks to dismiss his TILA allegations with prejudice. Finally, in Kates the Court had removal jurisdiction not only on the basis of federal question under TILA, but also on the basis of diversity under the Class Action Fairness Act. See Kates, 2008 WL 3065009, *2. Thus, the Court never reached the issue of whether a discretionary remand would be appropriate.

2

when justice so requires." A district court appropriately denies the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005). In this matter, there has been no showing whatsoever of undue delay, failure to cure deficiencies, or futility of the amendment. Defendant argues that the proposed amendment is sought for an improper reason, to manipulate plaintiff's allegations to escape this Court's jurisdiction. However, as defendant notes, even if plaintiff's federal claims were dismissed, that action does not automatically deprive this Court of jurisdiction. The Court finds that dismissal with prejudice of the federal claims in this lawsuit does not demonstrate bad faith or dilatory motive, nor will dismissal of the federal claims cause undue prejudice to defendant. Therefore, plaintiff's motion for leave to file first amended petition (Doc. No. 6) will be **GRANTED**, and the amended complaint attached to Doc. No. 21 will be treated as filed as of the date of this order.

Having determined that plaintiffs' motion to amend should be granted, the Court now addresses the remaining state law claims. In Lindsey v. Dillard's Inc., 306 F.3d 596 (8th Cir. 2002), the court stated: "Under 28 U.S.C. § 1367, a district court may decline jurisdiction over supplemental claims if it 'has dismissed all claims over which it has original jurisdiction' . . . . 28 U.S.C. § 1367(c)(3)." "Federal courts are encouraged to 'exercise judicial restraint and avoid state law issues wherever possible.'" Wojcik v. Courtesy Auto Sales, Inc., No. 8:01CV506, 2002 WL 31663298, (D.Neb. Nov. 25, 2002) (citing Condor Corp. v. City of St.

3

Paul, 912 F.2d 215, 220 (8th Cir. 1990)). "If the claim giving original jurisdiction is dismissed early in the action, 'before any substantial preparation has gone into the dependent claims, dismissing or remanding the [state claims] upon declaiming supplemental jurisdiction seems fair enough.'" Gregoire v. Class, 236 F.3d 413, 419 (8th Cir. 2000)(quoting 28 U.S.C. § 1367 cmt. at 835 (1993)). Although defendant argues that plaintiff has attempted to procedurally manipulate this case to avoid federal jurisdiction, this Court notes that the federal claims have been dismissed early in the action, prior to any substantial preparation by the parties or by this Court.

Therefore, because this case was removed to federal court on the basis of federal question jurisdiction and because the Court has now dismissed all of plaintiff's federal claims, the Court hereby declines to assert supplemental jurisdiction over the remaining state law claims and therefore will remand to the Circuit Court of Jackson County, Missouri, all remaining counts of plaintiff's complaint. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri as required by 28 U.S.C. § 1447(c).

Accordingly, for the reasons stated above, it is hereby **ORDERED**

    a.    Plaintiffs' motion to amend (Doc. No. 6) is **GRANTED**, and plaintiff's first amended petition, attached as Exhibit A to Doc. No. 21 will be treated as filed as of the date of this Order;

    b.    Plaintiff's federal claims as stated in her original petition are **DISMISSED WITH PREJUDICE**;

    c.    All remaining claims are **REMANDED** to the Circuit court of Jackson County,

4

Missouri; and

d. Defendants' request for filing fees or costs will be **DENIED.**

**IT IS SO ORDERED.**

Dated: 06/10/09
Kansas City, Missouri

**/S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

5